UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gumaro Martinez Martinez, | ) | C/A No.   5:13-cv-00458-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Kenny Atkinson, Warden FCI Edgefield, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff, a pro se prisoner, brings this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  This matter is before the court on Defendant's Motion for Summary Judgment, filed on June 10, 2013. ECF No. 17.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Plaintiff, on June 11, 2013, of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's Motion. ECF No. 18. On July 16, 2013, Plaintiff filed a response in opposition to Defendant's Motion. ECF No. 21.  Having considered the parties' filings, the undersigned enters this Report and Recommendation recommending[2] Defendant's Motion be granted and Plaintiff's Complaint be dismissed with prejudice.

---

[1] Plaintiff filed this action on a form for Petition for Writ of Habeas Corpus under § 2241 which was subsequently construed by the court as a civil rights action as Plaintiff did not seek habeas relief, but instead asserted a claim for lack of medical care.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. Because Defendant's Motion is dispositive, the undersigned enters this Report for the district judge's consideration.

I.    Factual Background

Plaintiff is presently confined at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). ECF No. 1. In his Complaint, Plaintiff alleges the he was denied "adequate and prompt attention/treatment to [his] serious medical needs." ECF No. 1 at 6. More specifically, Plaintiff contends that he has been denied treatment for an eye condition since April 2012. ECF No. 1-1 at 2. Plaintiff alleges that he sought treatment at the first sign of eye discomfort and he "was lightly examined and told by Medical staff to go back to his housing unit, and to be attentive to the 'call-out' list." *Id.* at 2. Plaintiff contends that he returned to the "infirmary numerous times to beg for some kind of treatment for his increasing health problems" and also submitted "several electronic 'cop-outs'", but "federal officials" denied Plaintiff medical treatment. *Id.* Plaintiff alleges that he submitted an informal resolution form and sent Defendant Warden Atkinson a BP-229 (an administrative remedy) in July 2012. *Id.* at 3. Plaintiff contends that he also approached Defendant and told him about Plaintiff's medical problems and the BP-229 that Plaintiff recently submitted to Defendant, and Defendant told Plaintiff to send a Request to Staff. *Id.* Plaintiff contends that he submitted a Request to Staff and served a copy of this Request on Defendant. *Id.* In his Request to Staff, Plaintiff contends that he was seen by an "eye doctor" on November 1, 2012 and was informed that he "was going blind from [sic] [his] eye." ECF No. 1-2 at 7. Plaintiff avers that Defendant responded to his BP-229 and indicated that Plaintiff had missed his two scheduled appointments to see an optometrist and informed Plaintiff that the optometry appointment would be rescheduled one last time, and Plaintiff would be subject to disciplinary action if Plaintiff did not appear for his appointment. ECF No. 1-2 at 1. Plaintiff requests that the court issue an order "directing [Defendant] Warden, Kenny Atkinson, to

2

take the necessary steps to provide [Plaintiff] with the immediate, adequate and professional medical attention." *Id.* at 9.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential

element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

    III.    Analysis

        A.  *Bivens* Claims

Plaintiff is bringing suit against the employees of a federal prison; as such, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Nevertheless, *Harlow* and progeny indicate that case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Defendant argues he is entitled to summary judgment because Plaintiff has failed to allege "any action on the part of Defendant Atkinson which impeded [Plaintiff's] access to appropriate medical care." ECF No. 17 at 10. Defendant Atkinson offers his own affidavit in support of his summary judgment motion. *See* Atkinson Aff., ECF No. 17-1. Defendant contends that Plaintiff has not offered any evidence that "Defendant Atkinson was even involved in the provision of medical care to Plaintiff." *Id.* Defendant also avers that he cannot be held liable under the theory of respondeat superior and argues that he "had no involvement" with the response to Plaintiff's administrative remedy, and even if he did,

4

"such action is not the type of personal involvement required to state a Bivens claim." Atkinson Aff. ¶ 3; ECF No. 17 at 12. In response to these arguments, Plaintiff reiterates the facts alleged in his Complaint and contends that he personally asked Defendant to help him to obtain medical treatment. ECF No. 21 at 5-6.[3] Plaintiff argues that Defendant, as Warden of FCI-Edgefield, is constitutionally obligated to act when an inmate shows that there is a reasonable likelihood that his health is at risk. *Id.* at 8. Plaintiff alleges that "he is being denied a prompt and professional medical attention to his increasingly serious medical needs." *Id.* at 12.

In order to prevail on a cause of action for deliberate indifference to medical needs, Plaintiff must show that the named Defendants were deliberately indifferent to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann,* 906 F. Supp. 1025, 1037 (E.D.Va.1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 450 U.S. 1041 (1981)). In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. *Sosebee v. Murphy*, 797 F.2d

---

[3] In his response to Summary Judgment, Plaintiff also requests that the court allow him to amend his Complaint to add additional Defendants. Plaintiff filed a Motion to Amend on July 16, 2013 that was denied by the court because Plaintiff failed to attach a copy of the Amended Complaint to his motion and the court was unable to ascertain from Plaintiff's motion the substance of the proposed amendment. ECF No. 26.

179, 182-83 (4th Cir. 1986).  The undersigned finds that Plaintiff has not offered any evidence that would support a finding that his eye condition constitutes a serious medical need, or that Defendant Atkinson intentionally or with reckless disregard ignored the risk posed by Plaintiff's condition. Further, the record before the court reveals that Plaintiff was examined by FCI-Edgefield medical staff concerning his eye condition, and Plaintiff was subsequently scheduled on July 13, 2012, and August 10, 2012, to see the optometrist concerning his complaints of "eye pain [and] decreased vision."  ECF No. 1-1 at 2; ECF No. 1-2 at 1.  Plaintiff did not appear for his appointments.  *Id.*  The record further shows that Plaintiff was seen by an "eye doctor" on November 1, 2012, and was informed that he would be "notified if consult to ophthalmologist is approved."  ECF No. 1-2 at 7.  Although Plaintiff may disagree with the amount of treatment received or object to the medical staff's attitude towards him, such allegations do not constitute a constitutional deprivation. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D.Ga. 1994)(finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary).  Accordingly, the undersigned recommends that Defendant Atkinson be granted summary judgment on Plaintiff's medical indifference claim.

Further, to the extent Plaintiff is suing Defendant Atkinson in a supervisory capacity, the undersigned recommends that this claim also be dismissed.  Generally, the doctrine of vicarious liability is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware

6

of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985). The undersigned finds that Plaintiff has failed to offer any facts regarding Defendant Atkinson which would satisfy the above criteria. As Plaintiff fails to state a cognizable claim against Defendant Atkinson in his supervisory capacity, it is recommended that summary judgment be granted on this ground.

IV.  Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 17, be granted and Plaintiff's Complaint be dismissed.

IT IS SO RECOMMENDED.

November 22, 2013                                                                       Kaymani D. West
Florence, South Carolina                                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**