IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Guamaro Martinez Martinez ) | Civil Action No.: 5:13-458-MGL |
| ) | |
| Plaintiff, ) | ORDER AND OPINION |
| ) | |
| v. ) | |
| ) | |
| Kenny Atkinson, Warden FCI Edgefield, ) | |
| ) | |
| Defendant. ) | |

_____

This matter is before the Court for a review of Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2) D.S.C. (ECF 28). Plaintiff Guamo Martinez Martinez's ("Plaintiff"), a federal prisoner proceeding *pro se,* brought this action on February 20, 2013, (ECF No. 1), pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that Defendant Kenny Atkinson ("Defendant") was deliberately indifferent to his serious medical needs. Defendant denies Plaintiff's allegations and has moved for summary judgment. (ECF No. 17).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation. On November 22, 2013, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted and this matter be dismissed. (ECF No. 17). The

Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed timely objections to the Report and Recommendation on December 9, 2013. (ECF No. 30).  The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See  Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a proper objection, the court must " 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir.2005) (*quoting Fed.R.Civ.P. 72* advisory committee's note)*; see also Thomas v. Arn*, 474 U.S. 140, 148–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

The Court has been able to glean one objection from Plaintiff's submission.  Plaintiff asserts that "Plaintiff has failed to justify the reasoning behind the denial of Medical Treatment."[1]  (ECF No. 30 at 1).  The Court finds that Plaintiff's objection is non-specific and unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation.  Instead of setting forth why the Magistrate Judge's Report and

---

[1] In making this objection, the Court assumes Plaintiff meant to assert that "Defendant has failed to justify the reasoning behind the denial of medical treatment."

Recommendation is erroneous, Plaintiff attempts to reassert arguments that have already been presented and assessed by the Magistrate Judge, thus Plaintiff's objection does not merit *de novo* review.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, the objection thereto and finding no clear error, the Court finds that the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Court, therefore, adopts the Report and Recommendation of the Magistrate Judge in full and incorporates it by specific reference. Accordingly, Defendant's motion for summary judgment is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

December 10, 2013
Spartanburg, South Carolina